IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA RUTHERFORD, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. 16-61-GMS |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is Defendant Joshua Rutherford's ("Rutherford") Motion to Dismiss Indictment and Compel Discovery of Rationale for Federal Prosecution. (D.I. 42.)[1] Rutherford moves to dismiss the charges or, in the alternative, compel the government to explain its rationale for charging him and hold an evidentiary hearing. For the reasons that follow, the court will deny the motion.

### II. BACKGROUND

This case arises out of a Delaware State Police Child Predator Task Force investigation. On February 15, 2016, an undercover officer for the Delaware State Police ("UC") posted an advertisement in the casual encounters section of an online classifieds website, entitled "family love-no limits – m4m." (D.I. 43, Government Ex. A.) On February 16, 2016, Rutherford responded to the advertisement that sought another male interested in incest. (D.I. 43 at 2.) The UC, posing as a "father," explained to Rutherford that he was interested in watching Rutherford have sex with his fictitious 14-year-old daughter. (*Id.*) Over the course of the next several weeks,

---

[1] The government filed a brief opposing the Motion to Dismiss on July 6, 2017. (D.I. 43.) Rutherford did not file a reply brief.

Rutherford and the UC communicated via text message. These sexually explicit conversations led up to a planned meeting at Tidbury Park in Dover, Delaware where Rutherford was supposed to meet the "father" and his fictitious daughter for a potential sexual encounter. (D.I. 42 ¶ 2.) On March 11, 2016, Rutherford left his job at Smyrna High School, where he worked as a teacher and assistant track coach, to drive to the designated meeting location in Dover, Delaware. (D.I. 43 at 4.) Delaware State Police Officers arrested Rutherford upon his arrival to Tidbury Park. (D.I. 42 ¶ 3.) Rutherford was charged with one count of Sexual Solicitation of a Child in violation of 11 Del. C. § 1112A and one count of Attempted Possession of Child Pornography in violation of 11 Del. C. § 111. (*Id.* ¶ 4)

Thereafter, on June 28, 2016, a grand jury in the United States District Court for the District of Delaware returned a four-count Indictment charging defendant Rutherford with: (1) two counts of Notice Seeking Child Pornography in violation of 18 U.S.C. 2251(d); and (2) two counts of Attempted Inducement of a Minor to Engage in Unlawful Sexual Activity in violation of 18 U.S.C. 2422(b). On October 20, 2016, Rutherford's state sexual offense charges were dismissed in Delaware state court. (D.I. 42 ¶ 12.)

## III. APPLICABLE LAW

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.11 (1982)). Indeed, it is accepted that judicial supervision or review of the government's exercise of its "prosecutorial discretion" is generally inappropriate. *Id.* at 607-08. Nonetheless, while this discretion is broad, "it is not unfettered." *Id.* at 608. Thus, the Supreme Court has applied a "presumption of regularity" to the government's prosecutorial decisions. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("[I]n the absence of clear evidence to the

2

contrary, courts presume that they have properly discharged their official duties." (citing *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926))). This presumption may be overcome by a showing that "the administration of a criminal law is directed so exclusively against a particular class of persons ... with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." *Id.* at 464-65 (internal quotation marks omitted).

To establish a claim of selective prosecution, the defendant must prove (1) discriminatory effect and (2) discriminatory purpose. *See Armstrong*, 517 U.S. at 465-66; *United States v. Taylor*, 686 F.3d 182, 196-97 (3d Cir. 2012). To establish a discriminatory effect, the claimant must show that a similarly situated person has not been prosecuted. *Id.*; *Taylor*, 686 F.3d at 197. Discriminatory purpose is satisfied where the defendant proves the government's decision to prosecute based on "an unjustifiable standard, such as race, religion, or some other arbitrary factor." *Id.* (internal citation omitted). Criminal defendants must present "clear evidence" to dispel the regularity presumption. *Armstrong*, 517 U.S. at 465.

To compel discovery, the defendant must present "some evidence tending to show the existence" of both discriminatory intent and discriminatory effect. *United States v. Hedaithy*, 392 F.3d 580, 607 (3d Cir. 2004). Such evidence must make a "credible showing." *Id.*; *see also Armstrong*, 517 U.S. 456 at 470.

## IV. DISCUSSION

In his motion to dismiss the federal indictment, Rutherford argues that the decision to prosecute him in federal court, rather than Delaware state court, was discriminatory and therefore an unconstitutional selective prosecution in violation of his 5th Amendment right to due process and equal protection under the law. (D.I. 42 ¶ 26.) Here, Rutherford fails on both prongs necessary

to support a finding of selective prosecution. First, Rutherford generally argues that discriminatory effect exists because "similarly situated school teachers and persons in positions of trust" in substantially similar cases could have been prosecuted federally, but were not. (D.I. 42 ¶ 43). In support of this claim, Rutherford points out the disparity in the penalties Rutherford faces compared to the penalties faced and the actual sentences received by school teachers in five Delaware state court cases in which defendants were teachers prosecuted for sexual abuse or solicitation of a minor.[2,3] (*Id.* ¶ 20-21.)

Rutherford cites three additional cases to demonstrate discriminatory effect. First, *State of Delaware v. Daniel G. Simmons* involved a former Deputy Attorney General who received a sentence of 18 months incarceration after pleading guilty in Delaware Superior Court to having sexual relations with a 16-year-old high school student. (*Id.* ¶ 22.) Second, *United States v. Lee Robert Moore* involved a White House Secret Service Agent who was apprehended by Delaware State Police Child Predator Task Force after participating in an on-line chat with an undercover detective posing as a 14-year-old girl. (*Id.* ¶ 23.) Moore pleaded guilty in federal court to a single count of Attempted Inducement of a Minor to Engage in Unlawful Sexual Activity in violation of U.S.C. § 2422. Finally, *State of Delaware v. Barry Cooper* involved a defendant investigated by Delaware State Police Child Predator Task Force. Rutherford asserts that this case is "virtually identical to [his] case factually, yet the *Cooper* case remained in Delaware state court for prosecution." (D.I. 42 ¶ 24-25.)

---

[2] In Delaware state court, Rutherford would have faced a mandatory minimum of 2 years and up to 25 years of incarceration for Sexual Solicitation of a Child, and 0 to 3 years of incarceration for Attempted Possession of Child Pornography. (D.I. 42 ¶ 14; *see* 11 Del. C. § 4205(b)(2) & (6).) In federal court, Rutherford faces a mandatory minimum of 10 years and up to life imprisonment for Attempted Inducement of a Minor to Engage in Unlawful Sexual Activity, and a mandatory minimum of 15 up to 30 years of incarceration for Notice Seeking Child Pornography. (*Id.*; *see* 18 U.S.C. § 2422(b), § 2251 (d).)

[3] To this end, Rutherford attached exhibits containing reports or information regarding sentences imposed by the State of Delaware on individuals facing state charges for child pornography and sexual offenses. (D.I. 42, Ex. B-F.)

4

The court finds that Rutherford has failed to make a credible showing that similarly situated individuals were spared federal prosecution. *Taylor*, 686 F.3d at 197. *United States v. Schmutzler*, 602 F. App'x 871, 874 (3d Cir. 2015) provided that the defendant must make a credible showing of the following: individuals who (1) were punishable by federal law; (2) were implicated in the same or a similar federal investigation as defendant; (3) faced federal prosecution; and (4) were spared prosecution. Rutherford has failed to meet this test. The court agrees, as the government argues, that none of the state prosecutions presented by Rutherford are "alike in all relevant aspects" to the present case. (D.I. 43 at 10.) First, Rutherford did not adduce evidence of federal involvement in the cited state cases involving school teachers, specifically whether the State of Delaware sought to refer prosecution to the federal government. Second, none of the three cases Rutherford cited in which the defendants are not school teachers support a finding of discriminatory effect. *Moore* is the only case cited that involved a federal investigation resulting in the federal government's prosecution of the defendant. (D.I. 42 ¶ 23.) Therefore, reliance on this case is misguided. Contrary to Rutherford's contentions, the *Cooper* case is also distinguishable because, there, the defendant was neither a school teacher nor the subject of a federal investigation. Rutherford has failed to meet his burden as to the first prong.

In addition, even if Rutherford could establish the discriminatory effect, he has failed to demonstrate that the government's decision to prosecute him was directed to a discriminatory purpose. Rutherford does not contend that this prosecution was mounted against him because of his race, religion, national origin, gender, or exercise of some constitutional right. *See Gov't of the Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir. 1986); *see also Taylor*, 686 F.3d at 197-98. Rutherford was a school teacher and, as such, had enhanced access to children. It seems it

was this fact that attracted the federal government's interest in him.[4] Absent evidence other than the kind of mere speculation in which defendant engages in his motion, given the nature of the crimes alleged, the court is hardly inclined to conclude that this case involved anything other than a "regular exercise" of prosecutorial discretion.

## V. CONCLUSION

For the foregoing reasons, the court will deny Rutherford's Motion to Dismiss the Indictment and Compel Discovery. (D.I. 42.)

Dated: August 17, 2017

UNITED STATES DISTRICT JUDGE

---

[4] In an email correspondence with Rutherford's attorney, the government set forth its rationale for charging Rutherford:

> In Mr. Rutherford's case, he was a high school teacher who used an online application to seek out pornographic pictures of two high-school-aged girls (one real and one an undercover officer). Furthermore, Mr. Rutherford scheduled a time and place to meet someone he believe to be a high-school-aged girl for the purpose of engaging in sexual activity, bought condoms in preparation for such, and arrived at the arranged time and place with the condoms. Last, Mr. Rutherford's description of his past sexual encounter with a third, real high-school-aged girl bore no resemblance to puffery but appeared candid.

(D.I. 43, Government Ex. G.)