## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 16-61-GMS |
| | ) | |
| JOSHUA RUTHERFORD, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Rutherford answered an online ad seeking "family love, all taboos, no limits."[1] After several weeks of chatting with an undercover police officer, Rutherford scheduled a time and place to rape what he thought was a 14-year-old girl.[2] Rutherford bought condoms on route, expecting to violate the child while her father watched.[3] On several occasions, Rutherford had insisted that this father molest the child first—while Rutherford watched—to prove the father was not a police officer.[4] Rutherford also asked repeatedly for naked pictures of the girl, especially of her vagina.[5] He wanted "proof of life" and to masturbate, even while he was at work.[6] At the same time, Rutherford was communicating with a separate 16-year-old girl.[7] Unsatisfied with pictures of this girl's buttocks, Rutherford wanted to meet her in

---

[1] *See* Presentence Investigation Report at ¶ 17 (Document Number 65) and Government Exhibit A.

[2] *See* PSR at ¶¶ 25-26 and Government Exhibit B at 18-22.

[3] *See* PSR at ¶¶ 19, 21, and 25-26.

[4] *See* PSR at ¶¶ 22 and 24-25; Government Exhibit B at 10, 14-15, 19, and 20-21; and Government Exhibit C.

[5] *See* PSR at ¶¶ 19 and 24; *and see* Government Exhibit B at 1-2, 6-7, and 12-15.

[6] *See* Government Exhibit B at 1, 4, 6, 12, and 15.

[7] *See* PSR at ¶ 27; Government Exhibit B at 13; and Government Exhibit D. This girl was identified and interviewed by law enforcement.

person or see a picture of "the goods."[8]   Last, in his chats with the undercover officer, Rutherford confided that he had raped a different 16-year-old girl two years earlier.[9] Through all of this, Rutherford held a position of trust and authority with children the same age as each of these victims—he was a special education teacher and coach at Smyrna High School.

Originally, Rutherford faced a four-count indictment.[10]   Two counts charged Rutherford with seeking child pornography by notice (18 U.S.C. § 2251(d)(1)(A)).[11] Each count carried a mandatory minimum 15 years in prison.   The other two counts charged Rutherford with attempted enticement (18 U.S.C. § 2422(b)) and carried a mandatory minimum 10 years in prison.[12]   Rutherford pled guilty to one count of attempted enticement and faces a sentencing range of 120 months to life in prison.[13]

In this case, the guideline sentence equals the statutory mandatory minimum sentence of 120 months in prison.[14]   The government recommends that those 120 months in prison be followed by a lengthy period of supervised release.   Such a sentence protects the public; provides just punishment; and serves as a clear deterrent to Rutherford and to others in the community, especially those entrusted with the care of our children.[15]

---

[8] *See* Government Exhibit D at 3-4.
[9] *See* Government Exhibit B at 5. This girl's identity is unknown.
[10] *See* Document Number 16.
[11] *Id.*
[12] *Id.*
[13] *See* Document Number 60.
[14] *See* PSR at ¶ 94.
[15] *See* 18 U.S.C. § 3553(a).

But for the statutory mandatory minimum, Rutherford's guideline sentence range would be 70-87 months.[16]   However, this guideline calculation considers only Rutherford's attempt to get what he believed was a 14-year-old girl to have unlawful sexual contact with her father.   It does not incorporate the fact that Rutherford intended to, and took a substantial step toward, raping that 14-year-old child.[17]   And it does not incorporate Rutherford's repeated requests for child pornography from both the undercover officer and from a separate 16-year-old girl.

Rutherford is a danger to the community and deserves just punishment; moreover, there must be a clear signal to all—and especially to those entrusted with the care of our children—that taking advantage of a child carries severe consequences.   For these reasons, the guideline sentence of 120 months in prison appropriately balances the factors set forth in 18 U.S.C. § 3553(a) and should be followed by a lengthy period of supervised release.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By:   Graham L. Robinson
Assistant United States Attorney

Dated:   June 8, 2018

---

[16] PSR at ¶ 35-45.   Violations of 18 U.S.C. § 2422(b) begin with a base offense level of 28. Rutherford's use of a computer warrants a two-level enhancement.   His acceptance of responsibility warrants a three-level decrease.   The final offense level is 27.

[17] The fact that the 14-year-old child was—in reality—an undercover police officer is irrelevant, as is the fact that Rutherford never communicated with the child directly.   *See United States v. Nestor*, 574 F.3d 159 (3d Cir. 2009).   Rutherford believed the child was real and intended to rape her while her father watched.